UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 66-12071 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LINCOLN PARISH SCHOOL BOARD, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion to Dismiss [Doc. No. 102] filed by Lincoln Parish School Board ("the School Board") in 2013. The School Board moves the Court to dismiss its obligations with regard to the Grambling Laboratory Schools (Grambling High School, Grambling Middle School, and the Alma Brown Elementary School) and A.E. Phillips Laboratory School ("AEP"). The School Board argues that it voluntarily agreed to perform certain limited tasks as part of the 1984 Consent Decree, but that it has either fulfilled those tasks, any further tasks would be ineffective or impractical, and/or it is not obligated to desegregate the state-created and supervised laboratory schools.

When the motion was first filed, the United States, through the Department of Justice ("DOJ"), Grambling, and AEP filed responses. At that time, Grambling, AEP, and the DOJ all opposed the motion. [Doc. Nos. 114, 115 & 117]. Generally, Grambling and AEP believed that the School Board should remain obligated and part of the lawsuit up to and until they were declared unitary. The DOJ argued that the School Board had not fulfilled its obligations under the 1984 Consent Decree, that there have been no significant change in circumstances since 1984 when the School Board was so obligated, and the School Board remains a necessary party because it is

obligated to assist the universities in desegregating the laboratory schools through its role as fiscal agent and provider of legally-mandated services.

Up to this point, the Court has deferred ruling on the School Board's Motion to Dismiss because the parties have been engaged in on-going and extensive settlement negotiations designed to produce consent decrees for the Court's review and approval.

However, the Grambling Laboratory Schools have been closed. On April 25, 2016, the Court granted in part and denied in part the Motion and Amended Motion to Transfer the Laboratory Schools (Grambling High School, Grambling Middle School, and the Alma Brown Elementary School) to the Grambling High Foundation and to Place Control and Governance of the School with the Foundation ("Motion to Transfer") [Doc. Nos. 157 & 170] filed by Grambling State University ("GSU") and the Board of Supervisors of the University of Louisiana System ("ULS"). To the extent that GSU and ULS moved for authorization to close the Grambling Laboratory Schools, the motion was granted. To the extent they moved for authorization to transfer control and governance of the Grambling Laboratory Schools to the Grambling High Foundation ("GHF"), the motion was also granted, subject to GHF's acceptance of GSU's desegregation obligations and under other certain conditions. GSU remains a party to this action solely "to facilitate the transfer [to GHF] and to assist the Court with any issues that may arise with the charter school; and . . . [to] work with [DOJ] to develop a new consent decree to replace the 1984 Consent Decree and to develop a plan which is reasonably calculated to address the goals of desegregation and to allow the new charter school to obtain unitary status." [Doc. No. 211, p. 8].

Further, on August 2, 2016, the Court granted the oral motion for authorization filed by GHF to operate a Type 2 charter school in the former Grambling Laboratory Schools facilities for the 2016-17 school year. As a result, the School Board no longer has any obligations to any laboratory

school in Grambling, nor has the Court been provided with any argument or evidence supporting the proposition that the School Board has any obligation under the standing desegregation decrees to the new charter school.[1] Although the Court obligated GHF to accept the transfer of Grambling's desegregation obligations, the Court did not require the same of the School Board.

Additionally, while AEP has continued and will continue to operate, it has entered into agreements with the DOJ and the School Board which will fully address its own desegregation obligations. After lengthy negotiations, on January 28, 2016, the DOJ and AEP moved the Court to approve their Consent Decree [Doc. No. 171]. It was the Court's original intent to approve the Consent Decree, but the School Board raised objections to its own obligations under the language of the proposed decree. [Doc. No. 178]. Accordingly, the Court deferred ruling on the DOJ and AEP's motion until these issues could be resolved.

On July 19, 2016, the Court held a telephone status conference in which counsel for DOJ, AEP, Grambling, GHF, and the School Board all participated. At that time, AEP advised the Court that it had no objection to the dismissal of the School Board's release from any obligations to it. Counsel notified the Court that AEP and the School Board reached a memorandum of understanding

---

[1]Originally, there were "four types [of charters]," but

> only the Type 2 charter school does not provide for the local school board's involvement as a party to the charter agreement creating the school . . . . Its existence is based on a charter entered into between the BESE Board and a nonprofit corporation formed to operate the school. La. R.S. 17:3973(2)(b)(ii). Thus, a Type 2 charter school is the exception to the general rule that the local school board has the administrative authority over the public schools within its jurisdictional boundaries.

*Moreau v. Avoyelles Par. Sch. Bd.*, 2004-1613 (La. App. 3 Cir. 3/9/05), 897 So. 2d 875, 879.

addressing financial and other concerns between those entities. Counsel for AEP and the DOJ agreed that certain portions of their proposed Consent Decree would need to be revised in light of the passage of some deadlines during the ensuing six months, as well as some revisions necessitated by changes in anticipated funding. Nevertheless, counsel indicated that they could make these changes once the Court ruled on the instant Motion to Dismiss. Although the DOJ still maintained that the School Board should remain a party in case problems arise pertaining to AEP which may necessitate the involvement of the School Board, the DOJ did not provide any specific examples of such problems. Finally, the Court ordered any party which wished to do so to file supplemental briefs no later than July 29, 2016, and reply briefs by August 8, 2016.

The deadlines for briefing have passed, and no supplemental briefs were filed.

Under these facts and circumstances, the Court finds that the School Board's Motion to Dismiss [Doc. No. 102] should be GRANTED, and the School Board should be released from any obligation relative to the desegregation of the Grambling Laboratory Schools or AEP. The Grambling Laboratory Schools are closed, and, thus, the School Board can have no obligation to them, and the School Board has no obligation to GHF's Type 2 charter school. While AEP remains open, the DOJ and AEP have reached substantive agreement on a consent decree. Once the revisions to the consent decree discussed above are complete, those parties will have a clear desegregation plan in place without the need for the inclusion of the School Board. Likewise, any concerns that the DOJ and AEP might have about funding and certain other issues have been resolved by the MOU between AEP and the School Board. Keeping the School Board in this lawsuit after it has fully met its desegregation obligations just because it "might" be needed is not

required by the law nor in the interest of judicial economy. If such a need arises, the DOJ can file the appropriate motion at that time, but the Court finds no basis to delay the School Board's dismissal once the terms of its own consent decree are met.

**MONROE, LOUISIANA**, this 15th day of August, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE