UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 66-12071 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LINCOLN PARISH SCHOOL BOARD, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion for Declaration of Unitary Status of Grambling State University Laboratory Schools by Grambling State University ("Motion to Dismiss") [Doc. No. 105], which was filed in 2013. Grambling State University ("GSU") moves the Court to find that the Grambling Laboratory Schools (Grambling High School, Grambling Middle School, and the Alma Brown Elementary School) are unitary and to dismiss GSU from this lawsuit. At the time the motion was filed, the United States through the Department of Justice ("DOJ") filed a memorandum of law which addressed this motion. [Doc. No. 116].[1]

In its motion, GSU argues that the Laboratory Schools made a good faith attempt to comply with the 1984 Consent Decree, that the schools operated as "freedom of choice" schools open to children of any race, and that the Lincoln Parish School Board ("the School Board) did not operate a school in the Grambling area, which resulted in the Laboratory Schools serving as the main provider of education for the children in a predominantly African-American area. The DOJ responded that GSU had failed entirely to meet the requirements to eliminate the vestiges of *de jure*

---

[1] The DOJ's memorandum also served as a reply in support of its own Motion for Further Relief [Doc. No. 82] and as an opposition to A.E. Phillips Laboratory School's Motion for Declaration of Unitary Status [Doc. No. 98].

segregation and that the DOJ's own Motion for Further Relief [Doc. No. 82] sought "to bring the parties to the table to negotiate and collaborate in crafting a decree that promises to work now and to finally desegregate the lab schools." [Doc. No. 116, p. 14].

In the ensuing three years, much has transpired in this case, as discussed extensively in the Court's recent ruling on the Motion and Amended Motion to Transfer the Laboratory Schools (Grambling High School, Grambling Middle School, and the Alma Brown Elementary School) to the Grambling High Foundation and to Place Control and Governance of the School with the Foundation ("Motion to Transfer") [Doc. Nos. 157 & 170] filed by GSU and the Board of Supervisors of the University of Louisiana System ("ULS") and on the School Board's Motion to Dismiss. [Doc. No. 231].

First, the Grambling Laboratory Schools have been closed. On April 25, 2016, the Court granted in part and denied in part the Motion to Transfer. To the extent that GSU and ULS moved for authorization to close the Grambling Laboratory Schools, the motion was granted. To the extent they moved for authorization to transfer control and governance of the Grambling Laboratory Schools to the Grambling High Foundation ("GHF"), the motion was also granted, subject to GHF's acceptance of GSU's desegregation obligations and under other certain conditions. The Court ordered GSU to remain a party to this action solely "to facilitate the transfer [to GHF] and to assist the Court with any issues that may arise with the charter school; and . . . [to] work with [DOJ] to develop a new consent decree to replace the 1984 Consent Decree and to develop a plan which is reasonably calculated to address the goals of desegregation and to allow the new charter school to obtain unitary status." [Doc. No. 211, p. 8].

Further, on August 2, 2016, the Court granted GHF's oral motion for authorization to operate a Type 2 charter school in the former Grambling Laboratory Schools facilities for the 2016-17

school year.

Under these facts and circumstances, the Court finds that GSU's Motion to Dismiss [Doc. No. 105] should be GRANTED IN PART and DENIED IN PART. To the extent that GSU moves the Court to find the Grambling Laboratory Schools unitary, the motion is DENIED AS MOOT. The Grambling Laboratory Schools have been closed, and there is no basis for addressing the unitary status review. To the extent that GSU then moves for its dismissal from this case based on its obligations to the Grambling Laboratory Schools, the motion is GRANTED IN PART, in that the Court finds that GSU has no further obligations based on its former operation of the Grambling Laboratory Schools. However, the motion is DENIED to the extent that GSU seeks its complete dismissal from this case. For the reasons stated in the Court's previous rulings, GSU remains a party in this case to facilitate the transfer of the Grambling Laboratory Schools to GHF, to assist with any issues that may arise with the charter school, and to work toward developing a plan for the charter schools which is reasonably calculated to address the goals of desegregation and to allow the school to obtain unitary status.

**MONROE, LOUISIANA**, this 15th day of August, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

3